Case 2:06-cv-00034-LRS    Document 7    Filed 05/25/06

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN LOUIS CORRIGAN,<br><br>           Petitioner,<br><br>   vs.<br><br>COUNTY OF ADAMS/JUDGE HILL,<br><br>           Respondent. | NO.  CV-06-034-LRS<br><br>ORDER DENYING PETITION |

Petitioner was convicted of refusing to sign a traffic infraction, a misdemeanor under Washington State law, RCW 46.61.022. Following his jury trial in Adams County, Petitioner was sentenced on May 9, 2003, to 90 days incarceration, with 85 days suspended. Petitioner admits he has already served this sentence. He resides in Auburn, Washington, and is proceeding *pro se*; Respondents have not been served in this action.

By Order filed March 16, 2006, the court directed Mr. Corrigan to amend his petition to demonstrate he was "in custody" as required by 28 U.S.C. §§ 2241(c)(3) & 2254(a). *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). Mr. Corrigan submitted his amended petition, along with a Memorandum in Support of "In Custody" Requirement (Ct. Rec. 5) on May 10, 2006. After review of Petitioner's submissions, the court finds he has

ORDER DENYING PETITION -- 1

failed to satisfy the "in custody" requirement.

Mr. Corrigan argues he should be deemed to have been "in custody" when he filed his petition because (1) he was required to exhaust his state court remedies prior to filing a habeas action; (2) he had objected to the trial court's summonses by letter, asserting he was pursuing post conviction relief; and (3) the state abused process by issuing an arrest warrant and making Petitioner serve his sentence in order to preclude Petitioner from seeking state and federal habeas relief.  He asserts the following collateral consequences of his conviction render him still "in custody":  (1) the fact a § 1983 civil rights complaint was barred under *Heck v. Humphrey,* 512 U.S. 477 (1994); (2) a fine was imposed; (3) there is a possibility of enhanced future punishment; and (4) his state habeas has already been denied due to the fact he was not "in custody."

In addition, Petitioner contends he is innocent of the underlying charges because it is unconstitutional to "throw a person in jail" for refusing to sign a traffic citation and there was insufficient evidence to support the jury's verdict of guilt.  The court does not find these assertions to be sufficient collateral consequences to satisfy the "in custody" requirement. *See Maleng,* 490 U.S. at 492 ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.")

Petitioner has demonstrated no restraints on his liberty.  Mr. Corrigan is not on probation, parole or supervised release. *See United*

ORDER DENYING PETITION -- 2

*States v. Spawr Optical Research, Inc.*, 864 F.2d 1467, 1470 (9th Cir. 1988). His conviction is expired.

Petitioner has failed to demonstrate he is subject to a significant restraint upon his liberty "not shared by the public generally." *See Jones v. Cunningham*, 371 U.S. 236, 240 (1963). Mr. Corrigan can come and go as he pleases. *See Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). His physical presence is not required at any particular place (i.e. mandatory class attendance). *See Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993). Any future incarceration is a speculative possibility and entirely depends on contingencies well within Petitioner's control. *See Hensley*, 411 U.S. at 351-52.

Regardless of his contentions, Petitioner has not shown a significant restraint constituting "custody". Because Petitioner is not in custody within the meaning of 28 U.S.C. § 2254, he is not entitled to invoke federal habeas corpus jurisdiction. Accordingly, **IT IS ORDERED** this Petition be **DENIED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner, and close the file.

**DATED** this   25th   day of May, 2006.

*s/Lonny R. Suko*
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITION -- 3